**Willie ELLISON and Mary Ellison, Plaintiffs,**

v.

**NORTHWEST ENGINEERING COMPANY, Defendant.**

**No. 81–263–Civ–JLK.**

United States District Court, S. D. Florida.

March 9, 1982.

Ira Kurzban, Steven M. Weinger, Miami, Fla., for plaintiffs.

Richard M. Davis, Miami, Fla., for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

JAMES LAWRENCE KING, District Judge.

This cause came on before the Court upon defendant's motion for summary judgment in the above-styled action.

The action arises from injuries suffered by plaintiff Willie Ellison as he worked on a model 6 dragline machine, serial number 19820, manufactured by defendant. The machine, a crane, was manufactured by defendant in 1957 and sold to Dade County, Florida that same year. Dade County subsequently sold the machine to the firm of Cramer and Maurer, which in turn sold the machine to the Rocco Construction Company in 1979. At the time of the accident, Plaintiff Willie Ellison was a dragline machine operator for the Rocco Construction Company in Broward County, Florida. The accident occurred when plaintiff caught his hand and arm in the gears of the machine as he attempted to lubricate it during the normal course of his employment on or about January 4, 1980. At the time of the accident, the model no. 6 crane apparently did not have a safety-guard protecting against accidents such as the one suffered by plaintiff.

Plaintiffs allege that defendant was negligent in failing to design and manufacture the crane with a safety-guard, in failing to

inspect and test the model no. 6 machine prior to putting it into the stream of commerce, and in failing to warn users of the machine of the dangers arising out of the foreseeable uses of the crane. Plaintiffs also assert that defendant breached an implied warranty for mercantile quality and fitness of the model no. 6 machine by not selling, designing or assembling model no. 6 with the proper safety equipment. Plaintiffs further allege that defendant is strictly liable to plaintiffs since at the time the crane was originally sold, defendant failed to include a safety-guard protecting against potential mishaps with the exposed gears.

The central issue in this case is whether defendant included an effective safety-guard on the model no. 6 dragline, serial no. 19820, at the time of the machine's manufacture and delivery in 1957. This issue was covered at length in the affidavits and memoranda submitted by the parties.

Defendant's position on this issue is that while the safety-guard may have been subsequently removed from the machine by one of its owners or users, the guard was firmly in place at the time it was manufactured and delivered to Dade County, Florida, in 1957. Defendant has submitted many affidavits in support of its position.

Plaintiff's objection to the motion for summary judgment, and its position on this issue, is that the model no. 6 machine in question did not have a safety-guard essentially because that part was not listed in the repair parts manual for that machine, and the owner of Rocco Construction Co., Mr. Dennis Roland, contends that a helical pinion guard could never have been in place on that machine.

The Court, after careful consideration of the record and arguments of counsel, does:

ORDER and ADJUDGE that defendant's motion for summary judgment be, and the same is hereby, granted. There being no genuine issue of material fact in this matter the Court finds for defendant as a matter of law pursuant to Fed.R.Civ.P. 56.

The affidavits submitted on behalf of defendant's motion establish that the helical pinion guard was firmly in place on the model no. 6 dragline machine at the time it was manufactured and delivered in 1957. A review of the most pertinent portions of the affidavits submitted by defendant is appropriate. Mr. Henry Hall, a design engineer with defendant in 1957, stated that he has personal knowledge regarding the design and manufacture of the model 6 machine, and:

> That all Model 6 machines which were manufactured in 1957 were designed and manufactured to include a helical pinion guard, and all such machines were inspected at the NORTHWEST ENGINEERING COMPANY factory to insure that said guard was present on all machines leaving the factory. No Model 6 machines were allowed to leave the factory without the helical pinion guard being bolted in place.

> \*　　\*　　\*　　\*　　\*　　\*

> That the helical pinion guard was bolted into place with two bolts at the time of its installation in the Model 6 machine and could not be removed without removing the bolts or cutting the surrounding metal.

> 10. That the helical pinion guard was designed and placed on the Model 6 machine in order to avoid injuries of the type which were sustained by the Plaintiff in this action, and the presence of the guard on Model 6 machine, Serial No. 19820, at the time of the accident in this action would have prevented that accident.

Affidavit of Henry Hall in Support of Defendant's Motion for Summary Judgment.

The affidavit of Paul Hopka, a Field Service Representative employed by defendant in 1957 at the time of the sale and delivery of Model 6 machine, Serial No. 19820, to the Dade County, Florida Water Control Department, further affirmed that the helical pinion guard was in place at the time of delivery. Mr. Hopka stated that he delivered and installed the Model 6 machine, Serial No. 19820, to the Dade County Water Control Department in 1957 and:

instructed the Dade County personnel in the operation and maintenance of said machine, including lubrication of the machine.

3. That the helical pinion guard was a point of routine inspection and instruction on the Model 6, and his inspection and instruction regarding the Model 6 included insuring that said guard was present on the machine and instruction of the buyer, Dade County, regarding the function of the helical pinion guard and its use in the lubrication of the Model 6.

4. That, to the best of his personal recollection, the helical pinion guard was in place on Model 6 machine, Serial No. 19820, which was delivered to Dade County in 1957, and he would have noted the absence of said guard from said machines since its absence would have been significant, requiring immediate installation of the helical pinion guard by Northwest.... The absence of the helical pinion gear was not noted by him at the time of the delivery of the Model 6 crane, Serial No. 19820....

Affidavit of Paul Hopka In Support of Defendant's Motion for Summary Judgment.

Additional affidavits submitted by defendant further establish that the helical pinion guard was indeed in place on the model no. 6 crane in question, and that, of consequence, while some entity or individual may be held liable for plaintiff's injury, it should not be defendant.

■ Plaintiff's opposition centers around assertions made in the affidavit of the owner of the machine at the time of the accident, Mr. Dennis Roland, and the conditionally relevant proposition that the helical pinion guard was not included in the repair parts manual and therefore did not exist. The Court finds that Mr. Roland, who purchased and apparently first observed the machine 22 years after the machine was manufactured, is incompetent to testify as to whether the machine was manufactured and delivered with the helical pinion guard in place, particularly since it appears that subsequent to the delivery of the machine to its first owner, Dade County, the machine underwent significant repairs and

parts changes. The many changes undermine the inference that because the machine did not or could not have such a guard at the time of Mr. Roland's ownership, the machine was therefore manufactured and delivered to its first owner without such a safety device.

The inference plaintiffs draw from the omission of the helical pinion guard from the parts manual, supported by the affidavit of Dr. Jerome Catz, is contested by the deposition of Mr. Hall. Mr. Hall asserted in his deposition that not all parts were included in that particular manual. If the safety guard was bolted down as Mr. Hall further asserted, it is logical that there would have been no need to include the safety-guard part in a repair parts book. In any event, the inference drawn by plaintiffs is too tenuous to create a genuine issue of fact in light of the overwhelming support for the proposition that the helical pinion guard was actually in place at the time of the manufacture and delivery of the Model No. 6 machine, Serial No. 19820.

The Court concludes that since the helical pinion guard was in place at the time the Model 6 crane, Serial No. 19820, was manufactured and delivered to Dade County, plaintiffs' charges against defendant in the above-captioned matter are not supported as a matter of law.